UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN MIGUEL NIEVES
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

*Individually and on Behalf*
*of All Others Similarly Situated*,

    Plaintiff,

v.

RREAL IMAGE, INC.
d/b/a The Salsa Room
2619 Columbia Pike
Arlington, Virginia 22204

SERVE:   **Registered Agent:**
              Wilfredo Villarreal
              4604 Latrobe Place
              Alexandria, Virginia 22311

And

WILLFREDO VILLARREAL
4604 Latrobe Place
Alexandria, Virginia 22311

    Defendants.

Civil Action No.:

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Juan Miguel Nieves ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Rreal Image, Inc. d/b/a The Salsa Room ("Salsa Room") and Wilfredo Villarreal ("Villarreal") (together, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendants:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on his own behalf, and as a collective action on behalf of all current or former similarly situated dishwashers, kitchen employees, and barbacks at Defendants' Salsa Room Nightclub in Arlington, Virginia, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendants have violated the FLSA.

## THE PARTIES

3. Plaintiff is an adult resident of the Commonwealth of Virginia.

4. Salsa Room is a corporation formed under the laws of the Commonwealth of Virginia that operates as a nightclub in Arlington, Virginia.

5. Plaintiff was employed by Defendants as a barback at Defendants' Salsa Room restaurant in Arlington, Virginia, during the period of about 2014 through about September 2019.

6. By acting as the named Plaintiff in this FLSA collective action, and filing this Collective Action on behalf of himself and others similarly situated, Plaintiff does hereby affirm his consent, in writing, to be a Plaintiff in a Collective Action seeking unpaid wages and statutory damages on behalf of himself and others similarly situated.

7. At all times relevant, Villarreal was Salsa Room's primary owner and managing officer. In this capacity, Villarreal was individually in charge of managing and administering the day-to-day operations of Salsa Room, managed and supervised Salsa Room's employees, including Plaintiff and those similarly situated, set Salsa Room's employee's schedules and pay

rate and methods, including those of Plaintiff and those similarly situated, and, individually, was in charge of keeping and maintaining all of Salsa Room's employee records, including records relating to Plaintiff and those similarly situated.

8. Plaintiff and those similarly situated are or were employees of both Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendants regularly and customarily sell beverages to the public that have passed in interstate commerce and are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, have had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

10. At all relevevant times, Defendants both qualified as the "employer" of and for Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

13. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the geographic region of the Eastern District of Virginia.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

15. Plaintiff and those similarly situated work or worked for Defendants as barbacks, kitchen employees, and/or dishwashers at Defendants' Arlington, Virginia based Salsa Room Nightclub.

16. Defendants knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

17. During his employment with Defendants, Plaintiff worked as a barback at the Salsa Room Nightclub and regularly and customarily worked between forty-two (42) to forty-five (45) or more hours per week.

18. At all times, Defendants had actual knowledge of all hours Plaintiff and those similarly situated worked each week and had actual knowledge that Plaintiff and those similarly situated worked more than forty (40) hours per week.

19. At all times relevant, Defendants paid Plaintiff and those similarly situated a flat day rate or a weekly salary for all hours worked including overtime worked over forty (40) hours per week.

20. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours worked more than forty (40) per workweek.

21. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only "straight time" (at their regular hourly rates) by way of a day rate or flat weekly salary for overtime worked over forty (40) hours per week. *See* 29 U.S.C. § 207.

4

22. At all times during Plaintiff's period of employment, Defendants had actual knowledge of the FLSA time-and-one-half overtime requirement.

23. Defendants had actual knowledge their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

24. At all times, Defendants attempted to hide their ongoing FLSA overtime compensation violations by paying Plaintiff and other similarly situated individuals partially or completely "under the table" in cash.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

26. Plaintiff seeks certification of the following FLSA collective:

> All current or former barbacks, dishwashers, kitchen employees, or other similar job titles, who work or have worked for Defendants or any predecessor for which Defendants are legal successors and/or legal successors of Defendants and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and (2) were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) hours in that week (the "FLSA Collective").

27. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. At all times relevant, Defendants paid Plaintiff and other similarly situated individuals at their regular day rate or flat weekly salary for all hours worked including overtime hours worked over forty (40) hours per week.

29.     At all times relevant to this action, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

30.     Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

31.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
On Behalf of Plaintiff and the FLSA Collective

32.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34.     Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

35.     Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

36.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

37. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of any pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Dated:  October 21, 2019

Respectfully Submitted:

Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff and the
FLSA Collective*