UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN MIGUEL NIEVES, *Individually and on Behalf of All Others Similarly Situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:19-cv-1333 (TSE/TCB) |
| RREAL IMAGE, INC., *et al.*, | )<br>) |
| Defendants. | )<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on Plaintiff Juan Miguel Nieves's ("Plaintiff") Motion for Sanctions and for Entry of an Order of Default against Defendant Rreal Image, Inc. (doing business as "The Salsa Room") ("Rreal Image") (Dkt. 13). For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion be granted.

    I.    Procedural Posture and Proposed Findings of Fact

**A.    Relevant Background**

Plaintiff filed this lawsuit on October 21, 2019 against Rreal Image and Wilfredo Villarreal for unpaid wages under the Fair Labor Standards Act ("FLSA"). (*See generally* Dkt. 1.) Discovery commenced on November 13, 2019. (*See* Dkt. 5.)

Two days later, on November 15, Plaintiff served Rreal Image with Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents ("RFPs"). (Dkts. 10 ¶ 2, 10-1, 10-2.) Under Local Civil Rule 26(C), Rreal Image had fifteen days to object, and under Federal Rules of Civil Procedure 33 and 34, it had thirty days to provide substantive responses and responsive documents. *See* Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ.

1

P. 34(b)(2)(A) (RFPs); L. Civ. R. 26(C). After allowing three additional days for service by mail pursuant to Federal Rule of Civil Procedure 6(d), Rreal Image's substantive responses were due on December 18. (Dkt. 10 ¶ 4.) Rreal Image failed to respond to the interrogatories and RFPs. (*Id.* ¶¶ 5-6.) Rreal Image also did not seek a protective order, request an extension, or provide justification for its delinquent responses. (*Id.* ¶ 7.)

On January 2, 2020, Plaintiff's counsel emailed Rreal Image's counsel about the delinquent responses. (*Id.* ¶ 8.) Plaintiff's counsel also voluntarily provided Rreal Image with an extension until January 10 to respond. (*Id.*) Rreal Image again failed to respond by January 10. (*Id.* ¶ 9.)

On January 15, Plaintiff's counsel emailed Rreal Image's counsel a second time, and asked if there was an excuse or explanation for its lack of responses. (*Id.* ¶ 10.) Rreal Image's counsel apparently "acknowledged receipt of the email, but did not have an excuse, did not provide a firm timeline for responses, and did not request a further extension to respond." (*Id.*) Then, on January 17, Rreal Image's counsel emailed Plaintiff's counsel, stating that his client had not provided him with responsive documents and communicated his intent to withdraw as counsel. (*Id.* ¶ 11.) Plaintiff's counsel responded that he did not object to the forthcoming motion to withdraw as counsel, but also stated that he would need to file a motion to compel and for sanctions. (*Id.* ¶ 12.) Rreal Image's counsel acknowledged Plaintiff's counsel's response. (*Id.*)

B.   **Plaintiff's Motion to Compel**

On January 20, 2020, Plaintiff filed a Motion to Compel Discovery Responses and for Sanctions against Rreal Image (Dkt. 10).[1] Plaintiff requested that the Court (1) require Rreal Image to fully respond to the interrogatories and RFPs with five (5) calendar days of the Court's

---

[1] Notably, Plaintiff did not move against Defendant Villarreal. (*See* Dkt. 10 at 1.)

order and (2) enter default judgment against Rreal Image if it did not fully respond to Plaintiff's discovery requests within the specified time. (*Id.* at 3.) Rreal Image failed to object or respond to Plaintiff's motion to compel.

Accordingly, the undersigned treated Plaintiff's motion as uncontested. (*See* Dkt. 12.) The undersigned issued an order on February 3, 2020 granting the motion in part and denying it in part without prejudice. (*Id.*) Specifically, the undersigned ordered Rreal Image to "fully respond, without objection, to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents within seven (7) calendar days of the date of this Order." (*Id.*) The undersigned denied Plaintiff's request for sanctions but noted that Plaintiff "may file a motion for sanctions in the future if [Rreal Image] fails to comply with this Court's Order." (*Id.*) The undersigned also ordered Plaintiff to submit a statement of attorney's fees and costs incurred in bring the motion to compel.[2] (*Id.*) Finally, the order stated: "Defendant [Rreal Image] is hereby advised that if it fails to respond to Plaintiff's discovery requests within seven (7) calendar days of the date of this Order, the Court may impose sanctions for its failure to comply, *including entering default judgment*." (*Id.* (emphasis added).) Pursuant to the Court's order, Rreal Image had until February 10 to respond to Plaintiff's discovery requests. Rreal Image failed to timely provide discovery responses in violation of the order. (Dkt. 13 ¶ 12.)

    C.    **The Instant Motion for Sanctions**

Plaintiff thereafter filed the instant motion for sanctions on February 13. (Dkt. 13).[3] While the hearing was originally set for March 6, due to a scheduling conflict, the Court

---

[2] Plaintiff's counsel failed to submit a fee petition pursuant to the order.

[3] Again, Plaintiff solely moved against Defendant Rreal Image, Inc., and not Defendant Villarreal. (*See* Dkt. 13 at 1.)

postponed the hearing to March 10. One day before the postponed hearing, Rreal Image filed a belated "response" to Plaintiff's motion. (Dkt. 15.)[4] Almost inexplicably, the response stated the following:

> Plaintiff complains about the Defendant's response to the discovery and Plaintiff in his response to Defendant's discovery objects to the most basic requests. This case involves employment issues and an employer is required to obtain the employee's social security number for tax reporting and where the individual complains about failure to pay wages, the individual's tax returns are highly relevant. A copy of Plaintiff's response is attached. Plaintiff comes before this court with unclean hands and complains of Defendant's actions. Defendant prays that this court deny the Plaintiff's Motion.

(*Id.*) Despite this paragraph's practical incoherence, the undersigned understood it to mean, as the argument goes, that because *Plaintiff* had filed some unreasonable discovery objections to *Rreal Image's* discovery requests, the Court should not grant Plaintiff's requested relief.

### D. The Hearing

The parties, by counsel, appeared before the undersigned on March 10, 2020. (Dkt. 16.) At the hearing, counsel indicated that Rreal Image had provided some responses to Plaintiff's interrogatories on March 5. However, the responses were not signed by a representative of Rreal Image, and Plaintiff's counsel described them as "wholly deficient." The undersigned reviewed the responses during the hearing, and determined them "inadequate," largely because they were unsigned. Rreal Image had not produced any responsive documents.

The undersigned stated that Rreal Image should have responded to the previous motion to compel and further characterized Defendants' "response" (analyzed above) as "wholly improper." The undersigned then (1) took the matter under advisement to recommend that the Court enter default judgment against Rreal Image as a sanction and (2) ordered Plaintiff's

---

[4] The pleading responded on behalf of both defendants, despite Plaintiff only moving against Rreal Image. (*See* Dkt. 15.)

counsel to submit a fee petition for the previous motion to compel (which he had failed to do before) and the instant motion.

When Plaintiff's counsel had yet to submit the fee petition after several weeks, the Court issued an order on April 21, 2020 ordering Plaintiff's counsel to file his fee petition within seven days. (Dkt. 17.) Plaintiff's counsel accordingly submitted a fee petition and corresponding declaration on April 27. (Dkt. 18.) Rreal Image has not filed an objection. The matter is now ripe.

## II. PROPOSED CONCLUSIONS OF LAW AND PLAINTIFF'S REQUESTED RELIEF

### A. Default Judgment as a Sanction

Plaintiff requests that the Court enter default judgment against Rreal Image for its failure to comply with the Court's order compelling discovery. As an initial matter, federal district courts possess "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) (citation omitted); *Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 779 (E.D. Va. 2017) (citation omitted) ("[T]he district court has broad discretion in determining the appropriate sanction for a party's noncompliance with a discovery request.").

Federal Rule of Civil Procedure 37(b) contemplates sanctions for failure to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b). Of relevance here, if a party fails to obey a court's order granting a motion to compel under Rule 37(a), "the court where the action is pending may issue further just orders," including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). When determining if entering default judgment as a discovery sanction under Rule 37 is appropriate, the Fourth Circuit requires district courts to consider "(1) whether the non-complying party acted in bad faith, (2) the

amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F. 3d 500, 504 (4th Cir. 1998) (citation omitted) (affirming entry of default judgment for failure to comply with discovery orders). The undersigned will consider each factor in turn.

    1.    <u>*Bad Faith*</u>

Acting in bad faith can include a party's disregard of its obligations under the Federal Rules of Civil Procedure and willful conduct where the party "clearly should have understood [its] duty to the court but nonetheless deliberately disregarded it." *Axiom Res. Mgmt., Inc. v. Alfotech Sols., LLC*, No. 1:10cv1011 (LMB/JFA), 2011 WL 2560096, at *7 (E.D. Va. June 3, 2011), *report and recommendation adopted*, 2011 WL 2559806 (E.D. Va. June 27, 2011) (internal quotation marks and citation omitted). Here, the undersigned finds that Rreal Image should have clearly understood its duties to the Court and under the Federal Rules of Civil Procedure, and deliberately disregarded them multiple times.

*First*, Rreal Image should have responded to Plaintiff's motion to compel. As the undersigned noted in the hearing on March 10, Rreal Image's counsel should have filed some responsive pleading, even if just to notify the Court that he was having trouble obtaining discovery responses from his client. Rreal Image could have filed a motion asking for relief from discovery deadlines or requesting additional time to respond. Instead, Rreal Image and its counsel did nothing.

*Second*, Rreal Image acted in bad faith by failing to comply with the Court's February 3 order compelling discovery. That order required Rreal Image to provide full discovery responses, without objection, by February 10 at the latest. According to counsel at the hearing, Rreal Image

provided "inadequate" and *unsigned* answers to some interrogatories (and no responses to RFPs) on March 5—nearing one month late. Accordingly, the undersigned must find that Rreal Image was aware of its responsibility to comply with the Court's February 3 order, but willfully and knowingly refused to timely comply.

*Third*, Rreal Image filed a "wholly improper" responsive pleading to the instant motion. Instead of submitting a substantive response or trying to justify its delinquent responses, Rreal Image argued that because *Plaintiff* had unreasonable discovery objections, Plaintiff had "unclean hands" and therefore the Court should deny his requested relief. (*See* Dkt. 15.) Rreal Image could have filed its own motion to compel if it took such serious issue with Plaintiff's discovery objections. But after failing to respond to Plaintiff's motion to compel or comply with the Court's order compelling discovery, trying to shift the blame to Plaintiff for unrelated matters was inappropriate and further supports a finding of bad faith.

2. *Prejudice*

Next, the undersigned finds that Rreal Image's actions have severely prejudiced Plaintiff. Plaintiff sued Rreal Image under the FLSA for unpaid wages. Rreal Image is in possession and control of Plaintiff's time and compensation records, which Plaintiff needs to prove his claim. Furthermore, Rreal Image possess the identities and contact information of coworkers who have knowledge of the facts and would likely testify as witnesses in the case. And finally, without appropriate discovery responses, Plaintiff is unable to adequately prepare for trial because he does not know how Rreal Image intends to defend the case. Without the sanction of default judgment, Rreal Image's improper behavior prejudices Plaintiff by forcing him to litigate blindly, which is contrary the values encompassed in civil discovery and the Federal Rules of Civil Procedure.

3. *Need for Deterrence*

There is no question as to the vital role discovery plays in the resolution of civil litigation. Discovery allows the parties to seek the truth and allows courts to ultimately resolve disputes on the merits. In light of the prejudice Plaintiff faces by Rreal Image's noncompliance, as discussed above, the undersigned also finds that such behavior is in need of deterrence. *See, e.g., Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 765 (E.D. Va. 2014) ("Continued contumacious behavior and abuse of the Courts through non-compliance with its orders cannot be tolerated. And with discovery's important role in modern litigation, deterrence is greatly needed.").

4. *Effectiveness of Less Drastic Sanctions*

Finally, the undersigned finds that less drastic sanctions than default judgment would be ineffective. Rreal Image has consistently indicated its unwillingness to fully participate in this litigation. Although Rreal Image filed *some* responses to Plaintiff's interrogatories, the undersigned reviewed them at the hearing and found them inadequate.

As discussed above, Plaintiff is unable to prosecute his case because he lacks essential discovery materials. Because he lacks basic information, other possible sanctions such as preclusion, adverse inferences, or monetary sanctions would be ineffective. *See Brooks Sports, Inc. v. Anta (China) Co.*, No. 17-cv-1458 (LO/TCB), 2018 WL 7488924 (E.D. Va. Nov. 30, 2018) (quotation and citation omitted) ("As the state of discovery stands now, [the plaintiff] lacks sufficient information with which to prosecute its case as well as rebut [the defendant's] defenses. Preclusion and monetary sanctions as well as an adverse inference will not cure this."), *report and recommendation adopted*, 2019 WL 969572 (E.D. Va. Jan. 11 2019). Requiring Plaintiff to continue litigating this matter—either through filing a dispositive motion or preparing

for trial—without receiving any proper discovery responses would be unrealistic and unjust. Accordingly, the undersigned finds that entering default judgment against Rreal Image is the only effective sanction available.

In conclusion, after considering these four factors, the undersigned recommends entering default judgment as a sanction against Rreal Image.

### B.    Attorney's Fees

Rule 37(b) also permits a court to award the payment of expenses for failure to comply with a court order compelling discovery. Specifically, Rule 37(b)(2)(C) states: "Instead of or in addition to the orders above [regarding sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award or expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Here, the undersigned finds that Rreal Image's behavior was unjustified and that no circumstances make awarding fees unjust. First, Rreal Image failed to file any responsive pleading to Plaintiff's motion to compel. Second, Rreal Image failed to provide timely discovery responses pursuant to the Court's order. Third, Rreal Image filed an untimely responsive pleading to Plaintiff's *second* motion. And finally, the substance of Rreal Image's untimely response was inappropriate. Instead of explaining the circumstances or offering any justification for its failure to litigate this matter, Rreal Image felt it was appropriate to take issue with *Plaintiff's* discovery objections. As discussed above, such a response garners no sympathy with the Court. If Rreal Image disputed Plaintiff's discovery objections, the Federal Rules of Civil Procedure and this Court's Local Rules contemplate proper responsive action if such disputes continue unresolved between the parties. Rreal Image failed to take any of these appropriate

9

actions. Accordingly, the undersigned finds it appropriate to award Plaintiff's attorney's fees pursuant to Rule 37(b)(2)(C).

In granting an award of attorneys' fees, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44. The Court finds that the first, fifth, eighth, and ninth factors are pertinent here, and the remaining factors are insignificant.

First, the Court will first address the time and labor expended on the matter. The Court has reviewed Plaintiff's submitted billing entries. (*See* Dkt. 18 at 3.) Upon review, the billing entries and the work performed are entirely reasonable. The work includes, among other things: (1) reviewing discovery requests and emailing opposing counsel about the delinquent responses; (2) again emailing opposing counsel requesting a reason for Rreal Image's nonresponse; (3) drafting and revising the motion to compel; (4) drafting and revising the instant motion; (5) attending the hearing before the undersigned; (6) reviewing billing records; and (7) drafting the fee petition. (*Id.*) According to the billing entries, Plaintiff's counsel spent 10.8 hours on the relevant matters and incurred $3,780.00 in fees. (*See id.*)

Next, the fifth factor requires the Court to look at customary fees in like work. To aid in this analysis, the Court will consider the United States Attorney's Office ("USAO") Attorney's Fee Matrix as a helpful guide.[5] *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO Matrix is useful in determining reasonable attorneys' fees and that "other courts in the Fourth Circuit have used" the Matrix (citing *In re Neustar, Inc.*, No. 1:14cv885 (JJC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015))). Plaintiff's counsel, Mr. Gregg C. Greenberg, has been licensed to practice law since 2007 and charged Plaintiff $350.00 per hour in this matter. (Dkt. 18 ¶¶ 2, 8.) The current Matrix rate for a lawyer with 11-15 years of experience is $510.00 per hour. Therefore, Mr. Greenberg's rate is $160.00 less per hour than what the guideline calls for and the undersigned finds that his hourly rate is reasonable. Further, Mr. Greenberg states that he regularly reviews fee petitions in this Court, and based on his personal observations, his billing rate is "within the customary range of rates charged by similarly experienced practitioners in this Court." (*Id.* ¶ 9.)

The ninth factor—the experience, reputation, and ability of the attorney—is also helpful to consider here. Mr. Greenberg is a partner at the law firm of Zipin, Amster & Greenberg, LLC in Silver Spring, Maryland. (*Id.* ¶ 3.) He has been licensed to practice law since 2007 and is licensed to practice in federal and state courts in Maryland, Virginia, and the District of Columbia. (*Id.* ¶¶ 2, 4.) Mr. Greenberg specializes in representing individuals and classes of individuals in state and federal wage and hour claims. (*Id.* ¶ 7.) He serves as the Vice President of the Maryland Employment Lawyers Association and has been nominated by his peers as a "Super Lawyer" in Maryland and the District of Columbia in plaintiff employment litigation

---

[5] The matrix is hosted on the USAO's website for the District of Columbia. *See USAO Attorney's Fees Matrix—2015-2020*, U.S. Dep't Just., https://www.justice.gov/usao-dc/page/file/1189846/download (last visited April 24, 2019).

work for the past six consecutive years. (*Id.* ¶¶ 5-6.) The undersigned finds that Mr. Greenberg is imminently qualified, and therefore this factor weighs in favor of awarding fees.

Finally, the eighth factor—the results obtained by the attorney—further justifies awarding Plaintiff's fees. Plaintiff's counsel first brought a successful motion to compel. When Rreal Image did not comply with its discovery obligations after the Court ordered it to comply, Plaintiff filed the instant motion, which the undersigned also recommends granting. If the Court does in fact grant Plaintiff's motion for sanctions and enter default judgment against Rreal Image, Plaintiff's counsel will have successfully obtained a judgment for his client without further protracting litigation. The results obtained by Mr. Greenberg therefore further justify the fee award.

In sum, upon consideration of the relevant factors, the Court finds that Plaintiff's submitted attorney's fees are reasonable and accordingly recommends awarding them in full.

### III. RECOMMENDATION

In light of the above analysis, the undersigned recommends that the Court issue an order (1) entering default judgment against Rreal Image pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi); and (2) awarding Plaintiff $3,780.00 in attorney's fees.

IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                              /s/
                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

May 15, 2020
Alexandria, Virginia