UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN MIGUEL NIEVES, *Individually and on Behalf of All Others Similarly Situated*, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:19-cv-1333 (TSE/TCB) ) |
| RREAL IMAGE, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on the Honorable Judge Ellis's remand to determine an appropriate amount of damages, attorney's fees, and costs in this matter.

I. RELEVANT PROCEDURAL BACKGROUND[1]

Plaintiff filed this lawsuit on October 21, 2019 against Defendants Rreal Image, Inc. (doing business as "The Salsa Room") ("Rreal Image") and Willfredo Villarreal ("Villarreal") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). (*See generally* Dkt. 1.) Discovery commenced on November 13, 2019. (Dkt. 5.)

Plaintiff filed a Motion to Compel Discovery Responses and for Sanctions against Rreal Image on January 20, 2020. (Dkt. 10.) The Court granted the motion in part and denied it in part without prejudice. (Dkt. 12.) The Court ordered Rreal Image to respond to Plaintiff's discovery requests with seven (7) calendar days but denied Plaintiff's request for sanctions at that time. (*Id.*) The Court further warned Rreal Image "that if it fail[ed] to respond to Plaintiff's discovery

---

[1] The undersigned outlined this matter's procedural history in detail in the prior Report and Recommendation, entered on May 15, 2020. (Dkt. 19). Accordingly, the undersigned will only briefly address the relevant procedural background here.

1

requests within seven (7) calendar days of the date of this Order, the Court may impose sanctions for its failure to comply, including entering default judgment." (*Id.* at 2.) Rreal Image failed to timely respond to Plaintiff's discovery requests pursuant to that order. (Dkt. 13 ¶ 12.)

Thereafter, Plaintiff filed a motion for sanctions, asking the Court to enter Rreal Image's default judgment as a discovery sanction pursuant to Federal Rule of Civil Procedure 37. (Dkt. 13.) After holding a hearing on the motion, the undersigned issued a Report and Recommendation ("First R&R") on May 15, 2020. (Dkt. 19.) The undersigned recommended that the Court grant Plaintiff's motion for sanctions and issue an order (1) entering default judgment against Rreal Image and in favor of Plaintiff pursuant to Rule 37(b)(2)(A)(vi); and (2) awarding Plaintiff $3,780.00 in attorney's fees. (*Id.* at 12.) No party objected to the First R&R. Judge Ellis then issued an order on June 2, 2020 (1) adopting the findings of fact and recommendations set forth in the First R&R; (2) granting Plaintiff's motion for sanctions; (3) ordering "that default judgment as to liability is entered against defendant Rreal Image, Inc. d/b/a 'The Salsa Room'[2] and in favor of Plaintiff Juan Miguel Nieves on Count I of plaintiff's Complaint, violation of the Fair Labor Standards Act, 29 U.S.C. § 207"; (4) ordering Rreal Image to pay $3,780.00 to Plaintiff in attorney's fees; and (5) remanding the matter to the undersigned "to determine an appropriate award of damages and attorney's fees." (Dkt. 21.)

The undersigned issued an order that same day "[t]o facilitate proceedings on remand." (Dkt. 22.) The undersigned ordered Plaintiff to "submit a brief outlining an appropriate award of damages and attorney's fees" and set a briefing schedule.[3] (*Id.*) On Friday, June 12, 2020,

---

[2] As noted throughout the First R&R, Plaintiff moved for sanctions against Rreal Image only, and not Villarreal. (*See* Dkt. 13.) Accordingly, the undersigned only recommended entering default judgment "against Rreal Image," and Judge Ellis only entered default judgment as to liability against Rreal Image. (*See* Dkts. 19, 21.)

[3] Plaintiff's initial brief was due on Friday, June 12, 2020; Rreal Image was permitted to submit

2

Plaintiff filed a document titled "Motion for Entry of Judgment Against Defendants Rreal Image, Inc. and Willfredo Villarreal" (Dkt. 23).[4] Rreal Image did not file an objection. The undersigned therefore issues this second Report and Recommendation to address the remaining matters in this case.

## II. ANALYSIS

Because this Court has already entered default judgment as to liability on Count I against Rreal Image, the undersigned will now address (1) damages under the FLSA; (2) attorney's fees and costs; and (3) Plaintiff's request to hold both Defendants—Rreal Image and Villarreal—jointly and severally liable.

### A.   Damages

In support of his claim for damages, Plaintiff alleges the following facts.[5] Rreal Image, a nightclub in Arlington, Virginia, employed Plaintiff between 2014 and "about September 2019." (Nieves Decl. ¶ 1.) During Plaintiff's employment, he "regularly and customarily worked about eleven (11) hours per shift, four (4) shifts per week, for a total of about forty-four (44) hours per week." (*Id.* ¶ 7.) Rreal Image paid Plaintiff a flat "day rate" of $140.00 per shift. (*Id.* ¶ 9.) As such, Rreal Image paid Plaintiff "total weekly wages" of $560.00 ($140.00 per shift * 4 shifts per week = $560.00 per week). (*Id.* ¶ 10.) In other words, Rreal Image paid Plaintiff a "flat day rate

---

an objection by Friday, June 19, 2020; and Plaintiff could file a reply, if any, by Wednesday, June 24, 2020. (Dkt. 22.)

[4] The undersigned ordered Plaintiff to submit a "brief outlining an appropriate award of damages and attorney's fees." (Dkt. 22.) Because Judge Ellis already entered Rreal Image's default judgment as to liability, it is puzzling why Plaintiff's submission is captioned as a "Motion for Entry of Judgment." The undersigned will accordingly treat Plaintiff's submission as a responsive brief, and not a motion.

[5] Plaintiff attached a sworn declaration in support of these factual findings. (Dkt. 23-3 ("Nieves Decl.").)

3

for all hours . . . worked including overtime [when he] worked more than forty (40) hours per week." (*Id.* ¶ 11.)

As a result, Plaintiff alleges that Rreal Image never paid him overtime wages (at time-and-one-half) for all the hours Plaintiff worked in excess of forty (40) hours per workweek. (*Id.* ¶ 12.) Plaintiff alleges that Rreal Image now owes him unpaid overtime wages for an approximately three (3)-year period, totaling $3,920.00. (*Id.* ¶ 14.) That number is calculated as follows:

| | |
|---|---|
| Weeks in the 3-year FLSA Recovery Period | 154 |
| Average Weekly Days Worked | 4 |
| Average Weekly Wages Paid | $560.00 |
| Average Weekly Work Hours | 44 |
| Average Regular Hourly Rate (Weekly Wages/Weekly Work Hours) | $12.73 |
| "Half Time" Owed for Each Overtime Hour Worked | $6.36 |
| Weekly Overtime Wages Owed | $25.45 |
| **Total Overtime Wages Owed** | **$3,920.00** |

(*Id.*)

An employer who violates the maximum hours provision of the FLSA "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b). A district court may, in its discretion, refuse to award liquidated damages (in addition to the unpaid overtime wages) if the employer shows that it acted in good faith. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). But the "employer bears the burden of proof in establishing this defense." *Id.* (citation omitted).

In the order issued on June 2, 2020, the undersigned gave Rreal Image an opportunity to object to Plaintiff's alleged unpaid overtime wages and claim for liquidated damages. (*See* Dkt. 22 (setting the briefing schedule on remand, including giving Rreal Image an opportunity to file

an objection June 19, 2020).) Rreal Image never responded or presented any good-faith defense. The undersigned therefore recommends granting Plaintiff (1) an award of $3,920 in unpaid overtime compensation; and (2) an award of $3,920.00 in statutory liquidated damages under the FLSA.

> B.   **Attorney's Fees and Costs**

The FLSA also mandates an award of attorney's fees and costs for bringing a successful action. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)).

Of note, in the First R&R, the undersigned recommended awarding Plaintiff $3,780.00 in attorney's fees. (Dkt. 19). As noted above, Judge Ellis adopted this recommendation and ordered Rreal Image to "pay $3,780.00 to plaintiff for attorney's fees and costs incurred in bringing plaintiff's January 20, 2020 Motion to Compel Discovery Responses and for Sanctions and plaintiff's February 13, 2020 Motion for Sanctions and for Entry of an Order of Default." (Dkt. 21.)

Upon Judge Ellis's remand, Plaintiff now requests that the Court award $8,329.75 in attorney's fees and costs "[i]n addition to those fees previously awarded." (Dkt. 23 at 7.) Plaintiff also requests that the Court "enter a modified Order awarding attorney's fees and costs in the total amount of $12,109.75," which includes the (1) $3,780.00 amount of attorney's fees previously awarded; (2) $7,770.00 in attorney's fees; and (3) $559.75 in costs. (*Id.* at 7-8; Dkt. 23-2 ("Greenberg Decl.") ¶ 13.)

In support of Plaintiff's petition for attorney's fees and costs not previously awarded, Plaintiff's counsel, Mr. Gregg C. Greenberg, submitted an affidavit. (Dkt. 23-2.) The submission

5

reflects that—not including the $3,780.00 in attorney's fees previously awarded—Plaintiff incurred $7,770.00 in fees and $559.75 in costs. (Greenberg Decl. ¶ 13.) The attorney's fees consist of 22.2 hours of attorney time at $350.00 per hour.[6] (*Id.*) Further, the costs associated with this matter include (1) a $400.00 filing fee, (2) a $100.00 process server fee, (3) $51.75 in mileage to appear for a hearing before the undersigned on March 10, 2020, and (4) $8.00 for parking during that hearing. (Dkt. 23-1 at 3.)

Having reviewed Mr. Greenberg's affidavit, the undersigned finds that Plaintiff's request for fees and costs is reasonable. The undersigned accordingly recommends a finding that Plaintiff is entitled to recover $8,329.75 in attorney's fees and costs, consisting of $7,770 in attorney's fees and $559.75 in costs.

### C. Plaintiff' Request to Hold Defendants Jointly and Severally Liable

One matter remains. Plaintiff argues that both Defendants—Rreal Image and Villarreal—"qualify as Plaintiff's 'employers' under the FLSA," and that they should be held "jointly and severally liable to Plaintiff for unpaid wages and statutory damages." (Dkt. 23 at 7.) Because of this matter's procedural posture, Plaintiff's request is inappropriate.

As an initial matter, Plaintiff filed his motion to compel and later motion for sanctions against Rreal Image, not Villarreal. (*See* Dkt. 10 at 1 (Motion to Compel: "Plaintiff . . . submits this Motion to Compel Discovery Responses and for Sanctions *against Defendant Rreal Image[], Inc.*" (emphasis added)); Dkt. 13 at 1 (Motion for Sanctions: Plaintiff . . . submits this Motion for Sanctions and an Order of Default *against Defendant Rreal Image[], Inc.*" (emphasis added)).) As a result, the undersigned's order granting in part and denying in part without prejudice Plaintiff's motion to compel only ordered Rreal Image to respond to Plaintiff's

---

[6] The undersigned previously found Mr. Greenberg's rate reasonable in the First R&R and will not revisit that matter here. (*See* Dkt. 19 at 10-12.)

discovery requests. (Dkt. 12.) The order also only warned Rreal Image that the Court may impose discovery sanctions, including entering default judgment against it, for failure to comply. (*Id.*)

Moreover, in the First R&R, the undersigned was careful to note throughout that Plaintiff had *only* moved against Rreal Image, not Villarreal. (*See* Dkt. 19 at 2 n.1 ("Notably, Plaintiff did not move against Defendant Villarreal."); *id.* at 3 n.3 ("Again, Plaintiff solely moved against Defendant Rreal Image, Inc., and not Defendant Villarreal."). The First R&R analyzed why it was appropriate to sanction Rreal Image under Rule 37(b)(2)(A)(vi) by entering default judgment; the undersigned did not contemplate sanctioning Villarreal. (*See generally id.*) Finally, the undersigned recommended "that the Court issue an order . . . entering default judgment *against Rreal Image* pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi)," and gave notice to all parties that they had an opportunity to object to the First R&R. (Dkt. 19 at 12-13.) No party objected. Accordingly, Judge Ellis's order adopting the First R&R ordered that "default judgment as to liability is entered against defendant Rreal Image, Inc. d/b/a 'The Salsa Room' and in favor of Plaintiff Juan Miguel Nieves." (Dkt. 21 at 2.)

Because (1) Plaintiff never moved against Villareal; (2) this Court never contemplated sanctioning—nor had the grounds to sanction—Villarreal; and (3) this Court only entered default judgment against Rreal Image as to liability, the undersigned finds that this Court has no basis to hold Villarreal jointly and severally liable for any damages under Count I at this time. As a result, the undersigned recommends that the Court deny Plaintiff's request to hold Rreal Image and Villarreal jointly and severally liable.

### III. RECOMMENDATION

In light of the above analysis, the undersigned recommends that the Court enter an order awarding Plaintiff (1) an award of unpaid overtime wages in the amount of $3,920.00; (2) $3,920.00 in statutory liquidated damages; and (3) $8,329.75 in attorney's fees and costs.[7] The undersigned further recommends that the Court only hold Rreal Image liable for the above damages, fees, and costs, and accordingly deny Plaintiff's request to hold Rreal Image and Villareal jointly and severally liable. Finally, because the undersigned treated Plaintiff's "Motion for Entry of Judgment" as merely a responsive brief, the undersigned recommends that the Court administratively terminate the motion upon entering an order.

### IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

ENTERED this 22nd day of July, 2020.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[7] In the alternative, the Court could issue a modified order (as discussed above) awarding Plaintiff $12,109.75 in attorney's fees and costs, consisting of $8,329.75 in attorney's fees and $559.75 in costs. If the Court finds this latter option more appealing, the undersigned recommends vacating the paragraph of this Court's prior order (Dkt. 21), which awarded $3,780.00 "to plaintiff for attorney's fees and costs incurred in bringing plaintiff's January 20, 2020 Motion to Compel Discovery Responses and for Sanctions and plaintiff's February 13, 2020 Motion for Sanctions for Entry of an Order of Default."