UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN MIGUEL NIEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-1333 (TSE/TCB) |
| ) | |
| RREAL IMAGE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on the Honorable Judge T.S. Ellis, III's remand to determine appropriate attorney's fees in favor of Plaintiff Juan Miguel Nieves ("Plaintiff") and allocation of that award between Defendants RReal Image Inc. d/b/a The Salsa Room ("RReal") and Willfredo Villareal ("Villareal") (*collectively*, "Defendants"). (*See* Dkt. 32.)

I. RELEVANT PROCEDURAL BACKGROUND[1]

Plaintiff Juan Miguel Nieves ("Plaintiff") filed this lawsuit on October 21, 2019 against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). (*See generally* Dkt. 1.) Discovery commenced on November 13, 2019. (Dkt. 5.)

The Court entered default judgment as to liability against RReal on June 2, 2020 for violation of the FLSA. (Dkt. 21.) At that time, the Court ordered RReal to pay Plaintiff attorney's fees associated with its prior motion to compel and remanded this matter to the undersigned to determine an appropriate award of remaining attorney's fees. (*Id.*) That same day,

---

[1] The undersigned outlined this matter's procedural history in detail in the prior Reports and Recommendations, entered on May 15, 2020 and July 22, 2020. (Dkts. 19, 25). Accordingly, the undersigned will only briefly address the relevant procedural background here.

1

the undersigned issued an order setting a briefing schedule for attorney's fees. (Dkt. 22.) Pursuant to this schedule, Plaintiff filed his Motion for Entry of Judgment Against Defendants RReal Image Image, Inc. and Willfredo Villareal on June 12, 2020.[2] (Dkt. 23.)

In this brief, Plaintiff requested: (1) $3,920.00 in unpaid overtime wages; (2) $3,920.00 in statutory liquidated damages; (3) $12,109.75 in attorney's fees[3]; and (4) joint and several liability between both Defendants. The undersigned then issued a Report and Recommendation on July 22, 2020 recommending that the Court grant Plaintiff's requested unpaid overtime wages, statutory liquidated damages, and attorney's fees. (Dkt. 25.) The undersigned declined, however, to hold RReal and Villareal jointly and severally liable at that time because: "(1) Plaintiff never moved against Villareal; (2) this Court never contemplated sanctioning—nor had the grounds to sanction—Villarreal; and (3) this Court only entered default judgment against RReal Image as to liability." (Dkt. 25 at 7.)

Judge Ellis adopted the undersigned's Report and Recommendation on August 17, 2020 and issued a separate order directing Plaintiff to "file a notice stating how he intends to proceed in this case with respect to remaining defendant, Wilfredo Villareal, on or before September 1, 2020." (Dkts. 26, 27.) Plaintiff timely responded to Judge Ellis' order on August 28, 2020 requesting leave to file an out-of-time motion for summary judgment against Villareal. (Dkt. 28.) Judge Ellis granted Plaintiff's request and Plaintiff filed a motion for summary judgment on September 14, 2020. (Dkts. 29, 30.)

---

[2] As the undersigned noted in her July 22, 2020 Report and Recommendation, the title of Plaintiff's fee petition is puzzling. (Dkt. 25 n.4.) The Court will continue to treat Plaintiff's "motion" as a brief in response to the Court's order to submit a "brief outlining an appropriate award of damages and attorney's fees." (*Id.*)

[3] In support of his request for attorney's fees, Plaintiff submitted counsel's billing records and the Declaration of Gregg C. Greenberg in Support of Attorney's Fees and Costs Award. (Dkts. 23-1, 23-2.)

2

The Court granted Plaintiff's motion for summary judgment against Villareal on November 23, 2020. (Dkt. 32.) Additionally, Judge Ellis ordered that Defendants "must pay plaintiff (i) $3,920.00 in unpaid wages and (ii) $3,920.00 in statutory liquidated damages" and remanded the matter back to the undersigned "to determine an appropriate award of attorney's fees and the allocation of the liability for that award" between Defendants. (*Id.*)

When Plaintiff had not filed a declaration for attorney's fees months later, the Court directed Plaintiff: "to file attorney's fees declarations and any appropriate motions by June 1, 2021 at 5:00 p.m. If the parties do not file anything by that date, the case will be closed and defendants will be held jointly and severally responsible for the judgment amount of $3,920.00 in unpaid wages and $3,920.00 in statutory liquidated damages." (Dkt. 33.)

Accordingly, Plaintiff filed the instant Motion for an Award of Attorney's Fees and Costs Against Defendants.[4] (Dkt. 34.) Defendants did not file a response, making this matter ripe for disposition.

## II. ANALYSIS

Plaintiff now requests that the Court award $12,109.75 in attorney's fees and costs jointly and severally against Defendants. (Dkt. 3 at 4.) With the instant filing, Plaintiff included the same billing records and Declaration of Gregg C. Greenberg in Support of Attorney's Fees and Costs Award ("Greenberg Decl.") attached to his first fee petition from June 12, 2020. (Dkts. 23, 34.) Plaintiff explains that:

> In reviewing the Court's November 23, 2020, Order, undersigned counsel was of the impression that Plaintiff's previous award of attorney's fees in the amount of $12,109.75 was already awarded - - and the Court was inquiring if Plaintiff sought additional attorney's fees and costs associated with the Summary Judgment Motion. But, because Plaintiff did not request additional fees or costs in his Summary Judgment Motion,

---

[4] Plaintiff again labeled his filing as a motion. The undersigned will again treat this motion as a responsive brief.

3

undersigned counsel did not believe it appropriate to seek additional fees or costs not requested.

(Dkt. 34, ¶ 9.)

As described above, the Court already granted Plaintiff's requested fees on August 17, 2020. (Dkt. 26.) Because Plaintiff seeks no additional costs and fees for his motion for summary judgment against Villareal, the only remaining issue is the allocation of the $12,109.75 fee award between Defendants.

The undersigned previously denied Plaintiff's request to hold Defendants jointly and severally liable because, at the time, he had not sought judgment against Villareal. (*See* Dkts. 25, 26.) Plaintiff has since obtained summary judgment against Villareal. (Dkt. 32.) Further, in granting summary judgment, the Court acknowledged that "[b]ecause both Villareal and the Salsa Room qualify as [P]laintiff's employers, they are jointly and severally liable to [P]laintiff for any unpaid wages and statutory damages." (*Id.* at n.1.) The Court has already determined that joint and several liability is appropriate for Plaintiff's damages, and the undersigned sees no reason to find otherwise in allocating Plaintiff's attorney's fees and costs award.

### III. R<small>ECOMMENDATION</small>

For the reasons stated above, the undersigned recommends that the Court enter an order directing that Defendants are jointly and severally liable for the $12,109.75 in attorney's fees and costs the Court already awarded. Finally, because the undersigned treated Plaintiff's "Motion" as merely a responsive brief, the undersigned recommends that the Court administratively terminate the motion upon entering an order.

IV.  NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

ENTERED this 21st day of June, 2021.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia